# Jamison, Appellant, *v.* Tarpy.

*Insolvency—Bond—Action on bond—Affidavit of defense—Act of June 4, 1901, P. L. 404.*

In an action upon a bond given in insolvency proceedings under sec. 5 of the Act of June 4, 1901, P. L. 404, where the statement of claim avers that the insolvent had failed and neglected to file a list of his creditors with his petition for discharge, and to publish notice in the manner directed by the act, an affidavit of defense is sufficient, which avers that the plaintiff was the only creditor of the insolvent, and that he received actual notice of, and with his counsel attended the hearing on the petition, and raised no objection.

Argued April 28, 1914. Appeal, No. 118, April T., 1914, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1913, No. 2,198, discharging rule for judgment for want of a sufficient affidavit of defense in case of John W. Jamison v. John M. Tarpy. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement of claim and the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Ralph L. Smith,* for appellant.—The specific clause of sec. 5 of the act of 1901 under which this suit is brought has been before this court in at least one case, and no such construction was there placed upon said act: Marks v. Willenski, 31 Pa. Superior Ct. 177.

It must be remembered that the insolvent is the actor in his proceedings for discharge, and the burden is on him to strictly comply with the requirements of the law governing such proceedings: Bartholomew v. Bartholomew, 50 Pa. 194; Com. v. Grimes, 116 Pa. 450; O'Donnell v. Gordon, 12 Pa. Superior Ct. 23; Marks v. Willenski, 31 Pa. Superior Ct. 177.

*W. J. Brennen,* for appellee.—It is too late to raise technical objections to the sufficiency of the petition in an action on the insolvent's bond: McKinney v. Crawford, 8 S. & R. 350; Lease v. Asper, 2 Rawle, 182.

The discharge of an insolvent can only be proven by the record: Loughry v. McCullough, 1 Pa. 503; Karch v.

Com., 3 Pa. 269; Sheets v. Hawk, 14 S. & R. 173; Gallagher v. Kenedy, 2 Rawle, 163.

OPINION BY RICE, P. J., July 15, 1914:

Edward Curley, who was under arrest under a ca. sa. issued on a judgment in an action of trespass for assault and battery, having made an assignment for the benefit of his creditors, petitioned the court under the Insolvency Act of June 4, 1901, P. L. 404, and, upon his giving bond to this plaintiff in the penal sum of $500, with John T. Tarpy as surety, was discharged from the custody of the sheriff pending the hearing of the rule to show cause which was granted. He appeared on the return day of the rule, and, after hearing, the court made an order that he surrender himself to the sheriff under the writ of ca. sa. and be imprisoned in the county jail for ninety days (afterwards reduced to sixty days), and that at the expiration of that period, or upon his payment of the judgment meantime, he should be discharged from imprisonment. Three months later this plaintiff, who was plaintiff in the judgment in trespass and was named as assignee for the benefit of his creditors in Curley's assignment, brought suit on the bond and alleged as breaches, first, that notice of the rule to show cause why Curley should not be discharged was not published in any weekly newspaper, as required by the act of 1911 amending sec. 5 of the act of 1901, but was published in two issues, a week apart, of a daily newspaper and once in the legal periodical designated by the court; second, that Curley did not file with his application a list of his creditors, with their addresses and the amounts of their claims. The defendant filed an affidavit of defense, and the case is before us by the plaintiff's appeal from the refusal of the court to enter judgment in his favor because of its insufficiency.

The clause of the act of 1911, relating to publication, reads: "and publication thereof shall be made twice in a weekly newspaper in the county, and twice in a daily

newspaper published in the county, if there be any, and once in the legal periodical, if any, designated by the court, and an affidavit of such service and publication shall be filed in the cause at least three days before the day fixed for the hearing." Upon comparison of this provision of the act with the allegation of the statement of claim, it will be seen that the only defect of publication named is in not publishing in a weekly newspaper; but that was not a defect unless a weekly newspaper was published in the county—a material fact which is not alleged in the statement of claim. But the refusal of judgment for want of a sufficient affidavit of defense may be safely rested on broader grounds. It is admitted in the statement of claim that the record in the insolvency proceeding shows that proofs of publication were filed therein. The legal sufficiency of the proofs was a matter before the court and was directly involved in the adjudication the court was called upon to make. It is alleged in the affidavit of defense, and for present purposes it must be taken as admitted, that the plaintiff was the only creditor of Curley and that he received actual notice of, and with his counsel attended, the hearing and raised no objection. If, as is alleged, he was the only creditor, he could waive both of the irregularities of which he now complains, and must be deemed to have done so by his conduct, or, at least, to have submitted himself to the judgment of the court regarding them. He is, therefore, estopped, by the adjudication, to set them up in this collateral proceeding in order to collect the penalty of the bond from the surety. See Sheets v. Hawk, 14 S. & R. 173. Whether he would be concluded by that adjudication, as to the facts involved in it, if he had not had actual notice and had not appeared, is a question we are not now called upon to decide. For the reasons briefly indicated, the affidavit of defense was sufficient to prevent summary judgment.

The appeal is dismissed at the costs of the appellant.